UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

JAMIL E. EZZO,

                    Plaintiff,

v.                                                    CASE NO. 2:09-cv-159-FtM-29DNF

GOOGLE, INC., AOL.COM, TIME WARNER,
INC., parent company of AOL.com,
GETMEQUOTES.COM,
Findcosmeticsurgeons.com,
DOCTORSAYYES.COM, My Choice Medical
Acquisition Sub, Inc.,
FINDYOURPLASTICSURGEON.COM,
Baskettcaseweb Development,
IENHANCE.COM, Plasticsurgery.com,
PLASTICSURGERY.ORG, American SociPlastic
Surgeons, YELLOWBOOKLEADS.COM,

                    Defendants.
_____/

**MOTION TO DISMISS,
OR IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT**

        Defendant, GOOGLE INC. ("Google"), AOL LLC (improperly identified in the style

of the case as AOL.COM)("AOL"), and TIME WARNER INC. ("Time Warner"), pursuant

to Fed.R.Civ.P. 12(b) and 12(e), respectfully moves for the entry of an Order dismissing this

action in its entirety, or in the alternative, for a more definite statement.  Plaintiff's

Complaint fails to properly allege even a single cause of action, and to the extent that

Plaintiff seeks to assert a copyright claim (portions of the Copyright Act are presented in the

Complaint), such a claim is deficient for lack of subject matter jurisdiction.  Plaintiff also

lacks standing to assert any claim(s) relating to an alleged trademark [D.E.#13] vaguely

Case No. 2:09-cv-159-FtM-29DNF

referenced in the Complaint.  Finally, the Complaint is so convoluted and incomprehensible as to make it impossible to frame a responsive pleading.

In light of these failings, Plaintiff's Complaint should be dismissed.  At a minimum, Plaintiff should be required to file a more definite statement so that Google, AOL, Time Warner and the other named defendants are provided with fair notice of the claims being asserted against them.

In support of this Motion, Google, AOL and Time Warner respectfully refer the Court to the Memorandum of Law below.

## MEMORANDUM OF LAW

### I.    INTRODUCTION.

Plaintiff's Complaint contains a mishmash of accusations, copies of statutes inserted in cut-and-paste fashion, and the repeated vague accusation that Defendants are "usurping [P]laintiff's intellectual property rights" without providing any meaningful explanation as to how the Defendants are allegedly "usurping" such rights.  Plaintiff fails to allege the basic elements of any claim, much less provide a cogent set of allegations detailing how and when the Defendants engaged in any actionable conduct.  Ultimately, the allegations in Plaintiff's Complaint are so convoluted as to preclude Google, AOL and Time Warner from framing a responsive pleading.

Moreover, to the extent that Plaintiff's claims relate to his alleged ownership of an alleged trademark, he lacks standing to pursue those claims against Defendants because

2

Case No. 2:09-cv-159-FtM-29DNF

"LOCATE PLASTIC SURGEON" is not a valid, protectable mark, and as a matter of law, any trademark claims relating to that mark should be dismissed with prejudice.

Finally, it is apparent from the allegations of the Complaint that Time Warner has only been named as a defendant in this action because it is the parent company of AOL. There is no allegation that Time Warner engaged in any conduct that would make it a proper party to this action. Accordingly, Time Warner should be dismissed as a defendant in this action.

## II.     FACTUAL AND PROCEDURAL BACKGROUND.

Plaintiff has sued Google, AOL, Time Warner, Inc., and a host of other parties. Portions of various statutes have been inserted in the Complaint in cut-and-paste fashion, including the following:

(a)     the Lanham Act, 15 U.S.C. §1051 *et seq.* (specifically, 15 U.S.C. §1114). *See* Complaint, at 2-3, 5;

(b)     the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §2510 *et seq. See* Complaint, at 3, 10; and

(c)     the Copyright Act, 17 U.S.C. §101 *et seq.* (specifically, 17 U.S.C. §110). *See* Complaint, at 6.

Despite including portions of these statutes in his Complaint, Plaintiff does not allege a claim for wire-tapping relative to the ECPA or for copyright infringement relative to the Copyright Act or even for trademark infringement notwithstanding his vague references to an alleged

Case No. 2:09-cv-159-FtM-29DNF

trademark.  And while Plaintiff purports to identify claims for fraud and rescission, the Plaintiff's Complaint fails to allege facts that would support any such claims.[1]

In the case of Time Warner, Plaintiff alleges that it is the parent company of AOL. *See* Complaint, at 2, 11.  However, the Complaint is devoid of any allegations that Time Warner itself engaged in any conduct.  Since the Complaint alleges absolutely no facts with respect to Time Warner other than it is AOL's parent company, Time Warner is not a proper party to this action and must be dismissed as a defendant.

## II.    ARGUMENT.

### A.    The Complaint Fails To State A Claim Upon Which Relief May Be Granted And Plaintiff Lacks Prudential Standing To Assert A Trademark Claim.

#### 1.    Plaintiff's Complaint Does Not Satisfy Pleading Requirements.

Dismissal is appropriate where, based upon dispositive issues of law, the factual allegations of the complaint cannot support the asserted cause of action. *Nietzke v. Williams,* 490 U.S. 319, 326, 109 S.Ct. 1827 (1989); *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006); *Marshall Cty Bd. Of Educ. V. Marshall Cty Gas Dist.*, 992 F.2s 1171, 1174 (11th Cir. 1993).  Conclusory allegations or legal conclusions masquerading as factual allegations cannot prevent a motion to dismiss.  *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp.*, 711 F.2d 989, 995 (11th Cir. 1983); *Smith v. Local*

---

[1] In addition to its various other failures, Plaintiff's Complaint does not conform to the Local Rules. *See, e.g.,* Rule 1.05(a) and 1.06(b).

4

Case No. 2:09-cv-159-FtM-29DNF

*819 I.B.T. Pension Plan,* 291 F.3d 236, 240 (2d Cir. 2002); *ECash Technologies, Inc. v. Guagliardo*, 210 F.Supp.2d 1138, 1143 (C.D. Cal. 2001).

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the United States Supreme Court clarified that plaintiffs may no longer rely upon the now abrogated statement in *Conley v. Gibson* that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957). In retiring that principle, Justice Souter explained:

> To be fair to the *Conley* Court, the passage should be understood in light of the opinion's preceding summary of the complaint's concrete allegations, . . . [b]ut . . . after puzzling the profession for 50 years, this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard . . . .

*Bell Atlantic*, 550 U.S. at 562-563.

Justice Souter also explained that, under Fed.R.Civ.P. 8(a), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' *requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . .*" *Id.* at 555 (emphasis supplied). The Court reasoned that:

> Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

5

Case No. 2:09-cv-159-FtM-29DNF

*Id.* at 555 n.3.  The plaintiff must state a claim that is plausible, not merely possible. *Id.* at 556.  Naked assertions merely get the complaint close to stating a claim, "but without some further factual enhancement it stops short of the line between the possibility and plausibility of 'entitle[ment] to relief.'" *Id.* at 557.

Additionally, courts should not ignore facts that plaintiff alleged that undermine the cause of action. *Goerlich v. Davis*, 1991 WL 195772, *1 (N.D. Ill.).  Likewise, courts must not assume plaintiff can prove facts it has not alleged or that defendants violated the asserted law in ways not alleged in the complaint. *Quality Foods*, 711 F.2d at 995.

Moreover, a claim need not be obviously unsupportable or based upon an outlandish legal theory in order to be dismissed. *Nietzke*, 490 U.S. at 328 ("Nothing in Rule 12(b)(6) confines its sweeps to claims of law that are obviously insupportable.").  A court may dismiss a claim even where it presents "a close but ultimately unavailing" legal theory. *Id.*

When Plaintiff's legally deficient allegations are considered, it becomes apparent that Plaintiff has not met the pleading standard as required under *Bell Atlantic.*  Accordingly, Plaintiff's Complaint should be dismissed.

### 2.    Plaintiff Fails To Properly Allege A Trademark Claim, And Also Lacks Prudential Standing

### a.    Plaintiff Fails To Properly Allege A Trademark Claim.

To the extent that Plaintiff attempts to assert a claim for trademark infringement, Plaintiff has failed to allege the basic elements. *See, e.g., North American Medical Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, 1218 (11th Cir. 2008)(setting forth the elements a

6

Case No. 2:09-cv-159-FtM-29DNF

plaintiff must establish in order to prevail on a claim of trademark infringement).  This

failure is compounded by the reality that Plaintiff's alleged trademark, "LOCATE PLASTIC

SURGEON," is registered on the Supplemental Register.  *See* [D.E.#13-2] (Plaintiff's

Addendum To Its Complaint).

Trademarks that do not qualify for registration on the Principal Register can be

registered on the Supplemental Register.[2] 15 U.S.C. §1091(a).  However, trademarks

registered on the Supplemental Register are not entitled to receive many of the key

advantages extended to marks registered on the Principal Register. 15 U.S.C. §1094.  For

example, registration on the Supplemental Register "is not 'prima facie evidence of the

validity of the registered mark …, of the registrant's ownership of the mark, [or] of the

registrant's exclusive right to use the registered mark in commerce.'" *CreAgri, Inc. v.*

*USANA Health Sciences, Inc.*, 474 F.3d 626, 629 fn. 6 (9th Cir. 2007); *see also Clairol Inc. v.*

*Gillette Co.*, 389 F.2d 264, 267 fn.6 (2d Cir. 1968)("Under 15 U.S.C. §1094, registrations on

the Supplemental Register are explicitly excluded from numerous advantages which may be

gained by registration on the Principal Register").

---

[2] The primary purpose of the Supplemental Register is to facilitate foreign trademark registrations of trademarks that do not qualify for registration on the Principal Register. Since "Article 6 of the Paris Convention provided that each nation could require domestic [trademark] registration as a requirement for the grant of obtaining a foreign registration," the Supplemental Register exists "to enable persons in [the United States] to domestically register trademarks so that they might obtain registration under the laws of foreign countries." 3 J. Thomas McCarthy, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION §19:33 at 19-125 (4th ed. 2008).

Case No. 2:09-cv-159-FtM-29DNF

Courts have even gone so far as to hold that registration on the Supplemental Register "creates no substantive rights," or worse, constitutes "an admission against interest" that the mark is not inherently distinctive. *Commerce Bancorp, Inc. v. BankAtlantic,* 285 F.Supp.2d 475, 484 (D.N.J. 2003); *Novartis Consumer Health, Inc. v. McNeil-PPC, Inc.*, 53 U.S.P.Q. 2d 1406, 1410 (D.N.J. 1999).  As the *Novartis* Court opined

> Although 15 U.S.C. Section 1095 provides that "[r]egistration of a mark on the supplemental register shall not constitute an admission that the mark has not acquired distinctiveness," there is nothing in the Lanham Act "to preclude Supplemental Registration from being deemed an admission against interest that the term is not inherently distinctive. . . .  The "very presence [of a mark] on the Supplemental Register indicates a preliminary determination that the mark is not distinctive of the applicant's goods."

*Novartis*, 53 U.S.P.Q. 2d at 1410 (*quoting* 3 J. Thomas McCarthy, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION §19:37 at 19-75 (4th ed. 1998)).  "Thus most marks registered on the supplemental register will not, prima facie, receive protection as valid trademarks, for their very presence on that register indicates a preliminary determination that they are not distinctive of the applicants' goods." *Clairol Inc.*, 389 F.2d at 286 fn. 9.

Here, there is nothing Plaintiff can allege in an amended pleading that will permit Plaintiff to overcome the admission against interest resulting from registration of a merely descriptive term, "LOCATE PLASTIC SURGEON," on the Supplemental Register.

> **b.    Plaintiff Lacks Prudential Standing To Assert A Trademark Claim.**

Plaintiff also lacks standing to assert a trademark claim.  Even before establishing the elements of its case-in-chief, "[t]he party invoking federal jurisdiction bears the burden of

Case No. 2:09-cv-159-FtM-29DNF

establishing [standing]." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). "Because the jurisdiction of federal courts is limited, 'there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof.'" *Marcus v. Kansas Dep't of Revenue,* 170 F.3d 1305, 1309 (10th Cir. 1999); *Skull Valley Band of Goshute Indians v. Leavitt*, 215 F.Supp.2d 1232, 1239 (D. Utah 2002) ("party invoking federal jurisdiction has the burden to establish its standing to bring suit").

Standing jurisprudence is comprised of two strands:  standing pursuant to Article III of the United States Constitution; and prudential standing embodying the judicially self-imposed limits on federal jurisdiction. *Phoenix of Broward, Inc. v. McDonald's Corp.*, 489 F.3d 1156, 1161 (11th Cir. 2007).  The Constitutional standing requirement under Article III requires that a plaintiff allege that: (1) he has suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical[3]; (2) the injury is fairly traceable to the challenged conduct of the defendant; and (3) the injury is likely to be redressed by a favorable ruling. *Lujan*, 504 U.S. at 560-561.

The Lanham Act, 15 U.S.C. §1051 *et seq.* is designed to protect trademark owners from suffering injury to their ability to compete in the marketplace and to the goodwill attached to their valid, protectable trademarks. *See Phoenix of Broward, Inc.*, 489 F.3d at

---

[3] Plaintiff's claim for damages is based entirely on unfounded assumptions. *See* Complaint, at 13.

9

Case No. 2:09-cv-159-FtM-29DNF

1167.  Here, Plaintiff does not own a valid, protectable mark.  Thus, the Lanham Act was not designed to protect this Plaintiff.

### i.        Plaintiff Not Own A Valid, Protectable Mark.

When analyzing whether Plaintiff has standing to pursue a claim for trademark infringement, the Court must first consider whether Plaintiff owns a valid, protectable trademark. *Gift of Learning Foundation, Inc. v. TGC, Inc.*, 329 F.3d 792, 797 (11th Cir. 2003); *see also Popular Bank of Fla. v. Banco Popular de Puerto Rico*, 9 F.Supp.2d 1347, 1356 (S.D. Fla. 1998)("A court may not reach the question of likelihood of confusion until persuaded that the putative mark is sufficiently distinctive to warrant protection.").

Registration of the alleged trademark on the Supplemental Register does not help resolve the question of whether Plaintiff owns a valid, protectable trademark, since registration on the Supplemental Register "creates no substantive rights." *Commerce Bancorp, Inc. v. BankAtlantic,* 285 F.Supp.2d at 484; *Novartis Consumer Health, Inc.*, 53 U.S.P.Q. 2d at 1410.

The alleged trademark, "LOCATE PLASTIC SURGEON," when used with a "website that provides information regarding plastic surgeons" *see* [D.E.#13-2], is merely descriptive,[4] and therefore not entitled to any protection. *See Deltona Transformer Corp. v.*

---

[4] "A mark is considered to be merely descriptive . . . if it describes an ingredient, quality, characteristic, function, feature, purpose, use, etc of the goods or services to which it is applied." *In re MetPath Inc.*, 223 U.S.P.Q. 88 (T.T.A.B. 1984); *see also In re Gyulay*, 820 F.2d 1216, 1217 (Fed. Cir. 1987)(same); *In re Bed & Breakfast Registry,* 791 F.2d 157, 159-160 (Fed. Cir. 1986)(same).  It strains credibility to suggest that the alleged mark not merely descriptive of the associated services.

10

Case No. 2:09-cv-159-FtM-29DNF

*Wal-Mart Stores, Inc.*, 115 F.Supp.2d 1361, 1366 (M.D. Fla. 2000)(a mark that is merely descriptive with no showing of secondary meaning is not entitled to protection); *Ice Code Auto Air of Clearwater, Inc. v. Cold Air & Accessories, Inc.,* 828 F.Supp. 925, 931 (M.D. Fla. 1993)("generic terms and *terms that are merely descriptive are not protectable*" (emphasis supplied)); *see also Popular Bank of Fla.*, 9 F.Supp.2d at 1357 (a descriptive mark "is entitled to protection only if the plaintiff shows that the mark has acquired secondary meaning").

Since the alleged trademark is merely descriptive as a matter of law, the mark is unprotectable. Therefore, Plaintiff has no standing to assert a Lanham Act claim based upon the alleged trademark.

### 3.    Plaintiff Fails To Plead Fraud With Specificity As Required By The Federal Rules Of Civil Procedure.

The Federal Rules of Civil Procedure require that special matters, such as fraud, must be stated with particularity. *See* Fed.R.Civ.P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). The Eleventh Circuit has held that "Rule 9(b) is satisfied if the complaint sets forth '(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262

11

Case No. 2:09-cv-159-FtM-29DNF

(11th Cir. 2006); *see also U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1357 (11th Cir. 2006)("a plaintiff must plead 'facts as to time, place, and substance of the defendant's alleged fraud,' specifically 'the details of the defendant['s] allegedly fraudulent acts, when they occurred and who engaged in them.").

Plaintiff's fraud claim fails to include anything close to the level of particularity necessary to satisfy Rule 9(b). Not only does Plaintiff fail to identify what representations were allegedly made, he also fails to establish when the alleged representations were made, the person who allegedly made the representations, what representations he relied upon to his detriment, what the defendants allegedly obtained, and even the agreements allegedly involved in the fraud.

Unless Plaintiff can allege the requisite level of particularity necessary to support a claim for fraud in an amended pleading, and there is nothing in the Complaint suggesting that he can, his claim for fraud should be dismissed with prejudice.

### 4.    Plaintiff Fails To Properly State A Claim For Rescission.

Plaintiff sues Google and AOL for rescission of "agreements" without ever identifying the agreement(s) at issue.[5] Even overlooking this failure, Plaintiff also fails to

---

[5] As far as Google and AOL are aware, there are no tri-partite agreements between Plaintiff, Google and AOL. Certainly, Plaintiff's Complaint fails to allege the existence of such an agreement, and it is axiomatic that a party seeking rescission or cancellation of a contract must identify the agreement at issue.

While Plaintiff was formerly an AOL member, that membership has since been cancelled, and would not be the proper subject of a claim for rescission. In any event, Google was not a party to Plaintiff's AOL membership agreement.

12

Case No. 2:09-cv-159-FtM-29DNF

properly allege a prima facie case for rescission or cancellation of a contract. *See, e.g.,*

*Capital Factors, Inc. v. Heller Financial, Inc.*, 712 F.Supp. 908, 915 (S.D. Fla. 1989)(setting

forth the "requisite elements which must be plead to establish a prima facie case for

rescission or cancellation of a contract").

Unless Plaintiff has facts to adequately plead a claim for rescission, the claim should

be dismissed with prejudice.

### 5.    Plaintiff's Own Allegations Defeats His Claim For An Injunction.

"The grant or denial of a preliminary injunction rests in the discretion of the district

court." *Canal Authority of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).[6]

However, as the Eleventh Circuit has opined,

> [t]hat discretion is guided by four prerequisites: the movant must
> show (1) a substantial likelihood that he will ultimately prevail on the
> merits; (2) that he will suffer irreparable injury unless the injunction
> issues; (3) that the threatened injury to the movant outweighs whatever
> damage the proposed injunction may cause the opposing party; and (4)
> that the injunction, if issued, would not be adverse to the public
> interest.

*U.S. v. Jefferson County*, 720 F.2d 1511, 1519 (11th Cir. 1983); *see also Callaway*, 489 F.2d

at 572 (same).

Here, Plaintiff's claim for injunctive relief is problematic in that it does not appear to

be based upon any specific cause of action, rendering it is impossible for this Court to gauge

Plaintiff is likely to prevail on the merits. Even assuming *arguendo* that Plaintiff can relate

---

[6] The Eleventh Circuit has adopted as binding precedent the decisions of the former
Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard,* 661 F.2d 1206,
1209 (11th Cir. 1981)(*en banc*).

Case No. 2:09-cv-159-FtM-29DNF

the request for injunctive relief to a legally cognizable claim in an amended pleading, his own allegations still preclude injunctive relief, considering that Plaintiff himself alleges that he "has [an] adequate remedy at law." *See* Complaint, ¶22. If he has an adequate remedy at law, then he necessarily cannot satisfy the second of the four prerequisites.

Since Plaintiff's own allegations defeat his claim for an injunction, this Court should dismiss Plaintiff's claim for an injunction with prejudice.

**6.    Time Warner Is Not A Proper Party To This Action.**

In addition to Plaintiff's failure to properly state a claim upon which relief may be granted, it is manifestly apparent that Plaintiff's sole reason for joining Time Warner as a party to this action is because it is the parent company of AOL. *See* Complaint, at 2, 11. The Complaint is otherwise devoid of any allegations that Time Warner has engaged in wrongdoing.

Time Warner's status as a parent company, standing alone, does not make it a proper party to this action. Absent some allegations of wrongdoing against it, Time Warner should be dismissed as a defendant in this action.

**B.    Plaintiff's Cutting And Pasting Sections Of Statutes Into His Complaint Only Serves To Create Additional Problems Justifying Dismissal.**

Plaintiff included various statutory provisions within the body of the Complaint. However, some of these statutes are simply not applicable to the case, or relate to claims over which there is simply no subject matter jurisdiction.

14

Case No. 2:09-cv-159-FtM-29DNF

If Plaintiff is asserting claims under any of the statutes referenced in the Complaint, Plaintiff must present proper allegations supporting each cause of action, and must properly invoke this Court's subject matter jurisdiction (in the case of a copyright claim).

### 1.    Plaintiff's References To The ECPA.

Plaintiff includes a portion of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §2510 *et seq. See* Complaint, at 3, 10.  However, the ECPA only applies to the aural interception of communications. *See* 18 U.S.C. §2510(1) ("'wire communication' means any aural transfer . . . .") and (4) ("'intercept' means the aural or other acquisition of the contents of any wire, electronic or oral communications . . . ."); *see also Lopez v. First Union Nat. Bank of Florida,* 129 F.3d 1186 (11th Cir. 1997)(alleged disclosure of contents of electronic communications held in electronic storage would not violate provisions of ECPA); *U.S. v. Steiger*, 318 F.3d 1039 (11th Cir. 2003)(computer hacker's acquisition of information through use of computer virus that enabled him to access and download information stored on a computer did not violate the ECPA, since the information was not obtained through contemporaneous acquisition of the communications); *U.S. v. Ropp*, 347 F.Supp.2d 831 (C.D. Cal. 2004)(interception of keystrokes from a computer keyboard did not violate ECPA since keystrokes were intercepted before communication was transmitted).  Unless Plaintiff is alleging a wire-tapping violation, there is simply no justification for Plaintiff's inclusion of any portion of the ECPA in the Complaint.

15

Case No. 2:09-cv-159-FtM-29DNF

### 2.      Plaintiff's References To The Copyright Act.

As another example, Plaintiff also includes portions of the Copyright Act, 17 U.S.C.

§101 *et seq., see* Complaint, at 6-9, but fails to allege ownership of a copyright registration, a

subject matter jurisdictional prerequisite to the commencement of any copyright infringement

action. *See* 17 U.S.C. §411; *see also Brewer-Giorgio v. Producers Video, Inc.*, 216 F.3d

1281, 1285 (11th Cir. 2000), *quoting M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d

1486 (11th Cir. 1990); *Haan Crafts Corp. v. Craft Masters, Inc.*, 683 F.Supp. 1234, 1242

(N.D. Ill. 1988)("[A] lawsuit for copyright infringement cannot be filed unless plaintiff has a

registered copyright . . . This is a jurisdiction requirement which must be satisfied before a

federal court can entertain a copyright infringement claim."); *Dodd v. Fort Smith Special

School District No. 100*, 666 F.Supp. 1278, 1282 (W.D. Ark. 1987)("Under the Copyright

Act . . . registration of the copyright, while not a prerequisite to having a protectable interest,

is a jurisdictional prerequisite to the initiation of an infringement suit in federal court.");

*Quincy Cablesystems, Inc. v. Sully's Bar, Inc.*, 650 F.Supp. 838, 850 (D.Mass.

1986)("Copyright registration under §411(a) is a condition precedent to filing an

infringement action."); *Conan Properties, Inc. v. Mattel, Inc.*, 601 F.Supp. 1179, 1182

(S.D.N.Y. 1984)("Without registration of the copyrights the suit is barred and absent an

allegation that the copyrights have been registered the complaint is defective.").  If, in fact,

Plaintiff is alleging copyright infringement, he has not properly invoked this Court's

jurisdiction and that claim must be dismissed.

16

Case No. 2:09-cv-159-FtM-29DNF

### 3.    Plaintiff's References To The Lanham Act.

Finally, Plaintiff includes a portion of the Lanham Act, 15 U.S.C. 1051 *et seq. See* Complaint, at 2-3, 5. However, including a portion of the Act in cut-and-paste fashion does not relieve Plaintiff of his obligation to properly allege a cause of action. Moreover, including portions of the Lanham Act does not assist the Plaintiff in establishing that he has standing to pursue any Lanham Act claim.

### C.    The Allegations In Plaintiff's Complaint Are So Convoluted As To Make It Impossible To Frame A Responsive Pleading.

Rule 12(e) permits a party to move for a "more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed.R.Civ.P. 12(e). This is particularly true where a pleading "fails to specify the allegations in a manner that provides sufficient notice" or does not contain enough information to allow a responsive pleading to be framed. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514 (2002); *Sisk v. Texas Parks and Wildlife Dep't,* 644 F.2d 1056, 1059 (5th Cir. 1981). A motion for more definite statement are typically granted for "shotgun" pleadings, in which it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief."[7] *Anderson v. District Board of Trustees of Central Florida Community College*, 77 F.3d 364, 366 (11th Cir. 1996).

---

[7] Moreover, discovery is not a substitute for a properly pleaded claim. The "purpose of discovery is to find out additional facts about a well-pleaded claim, not to find out whether such a claim exists." *Stoner v. Walsh*, 772 F.Supp. 790, 800 (S.D.N.Y. 1991).

Case No. 2:09-cv-159-FtM-29DNF

In the instant action, the allegations of the Complaint are so convoluted and incomplete as to fail to state any cause of action. The incorporation of portions of various statutes that may or may not be applicable to a claim or claims in the action further obfuscate Plaintiff's claim(s). Ultimately, the only thing that is clear from Plaintiff's Complaint is that he is seeking $90 million in damages without any cogent theory of liability that would justify such a figure.

## III.     CONCLUSION.

Based upon the foregoing, Google, AOL and Time Warner respectfully request that this Court dismiss this action with prejudice. In the alternative, Google, AOL and Time Warner respectfully request that this Court require Plaintiff to provide a more definite statement.

Respectfully submitted,

s/ Samuel A. Lewis
By:_____
Samuel A. Lewis / Fla. Bar No. 55360
E-mail: SLewis@FeldmanGale.com
Susan J. Latham / Fla. Bar No. 687391
E-Mail: SLatham@FeldmanGale.com
FELDMAN GALE, P.A.
Counsel for Google, AOL
    and Time Warner
One Biscayne Tower, 30th Floor
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: 305-358-5001
Telefax: 305-358-3309
slewis@FeldmanGale.com

18

Case No. 2:09-cv-159-FtM-29DNF

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the non-CM/ECF participants identified on the attached Service List.

s/ Samuel A. Lewis

_____

Samuel A. Lewis

## SERVICE LIST

Jamil E. Ezzo
331 S.E. 46th Lane
Cape Coral, FL 33904

GetMeQuotes.com
FindCosmeticSurgeons.com
c/o Enrique Rangel
7009 Bending Oak Rd.
Austin, TX 78749

FindYourPlasticSurgeon.com
BaskettCase Web Development
2419 Kylee
Mount Vernon, Washington 98274

IEnhance.com
PlasticSurgery.com
c/o Gregory J. Powers
Powers Acquisition, Inc.
8667 Haven Ave.
Rancho Cucamonga, CA 91730

YellowBookLeads.com
2560 Renaissance Blvd.
King of Prussia, PA 19406

19