**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

JAMIL E. EZZO,

        Plaintiff,

v.

GOOGLE, INC., AOL.COM, TIME WARNER,
INC. parent company of AOL.COM,
GETMEQUOTES.COM,
Findcosmeticsurgeons.com,
DOCTORSAYYES.COM, My Choice Medical
Acquisition Sub, Inc.,
FINDYOURPLASTICSURGEON.COM,
Baskettcaseweb Development, IENHANCE.COM,
Plasticsurgery.com, PLASTICSURGERY.ORG,
American Society of Plastic Surgeons,
YELLOWBOOKLEADS.COM,

        Defendants.

Case No. 2:09-cv-159-FtM-29DNF

**AMERICAN SOCIETY OF PLASTIC SURGEONS' MOTION TO DISMISS**
**PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant American Society of Plastic Surgeons ("ASPS") respectfully moves to dismiss

Plaintiff Jamil E. Ezzo's ("Plaintiff") Second Amended Complaint pursuant to Federal Rule of

Civil Procedure ("Rule") 12(b)(6). In further support hereof, ASPS refers to and incorporates the

following Memorandum of Law.

**MEMORANDUM OF LAW**

**I.    INTRODUCTION**

More than ten months after filing his initial Complaint [D.E.#1] and almost two months

after filing his First Amended Complaint [D.E.#61], Plaintiff again avoided pending motions to

dismiss by seeking leave to file a Second Amended Complaint, which the Court allowed on

January 28, 2010 [D.E.#72]. Each time Plaintiff has amended his Complaint, he has done so by

conceding that his sole claim for trademark infringement was deficient and contending that he added "new allegations" in an attempt to "conform to the requests sought by the Defendants in their motions [to dismiss]." [D.E.##56, 68.]  As with the First Amended Complaint, a review of the Second Amended Complaint [D.E.#68-2] demonstrates that it does not cure any of the legal defects that rendered the Complaint, First Amended Complaint, and now the Second Amended Complaint, subject to dismissal for failure to state a claim upon which relief can be granted.

The Second Amended Complaint does not cure the legal defects because there are no factual circumstances or legal theory under which Plaintiff can assert a trademark infringement or other valid claim against ASPS in connection with the generic and descriptive phrase "LOCATE PLASTIC SURGEON" (the "Mark").   In addition to the general, boilerplate assertions and legal conclusions that render the Second Amended Complaint insufficient under Rule 8(a), the trademark infringement claim fails because Plaintiff does not allege and cannot plead:  (i) ownership of a valid and protectible trademark in the Mark; (ii) infringing use of the Mark in commerce by ASPS; or (iii) likelihood of consumer confusion caused by ASPS's unspecified use of the Mark.

Each of these pleading defects renders the Second Amended Complaint subject to dismissal and, because Defendants have identified these defects in their previously filed motions to dismiss [D.E.##38, 40, 41, 47, 51–54] and the Court has now provided Plaintiff with sufficient opportunity to attempt to cure such defects, dismissal should be with prejudice.  Dismissal also should be with prejudice because Plaintiff cannot cure the pleading defects and any further amendment would be futile.

## II.   PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that he is the owner of a trademark in the phrase "LOCATE PLASTIC SURGEON" (previously designated, the "Mark"). (Second Am. Compl. ¶ 13.) Although Plaintiff does not attach a copy of his trademark registration to the Second Amended Complaint, the U.S. Patent and Trademark Office ("USPTO") serial number referenced therein (*e.g.*, No. 78610365) corresponds to a registration on the USPTO Supplemental Register which Plaintiff attached to his original Complaint (the "Supplemental Registration," attached as Exhibit 1).[1] According to the Supplemental Registration, Plaintiff apparently uses the Mark in connection with a website that provides information regarding plastic surgeons. (*Id.*) Plaintiff does not identify the website or allege the manner in which he uses the Mark. (*See, infra*, fn.3.)

ASPS is an organization of board-certified plastic surgeons with more than 6,700 physician members and comprising more than 94 percent of all board-certified plastic surgeons in the United States. With respect to ASPS, Plaintiff alleges that plasticsurgery.org is an Internet link operated by ASPS and, upon information and belief, sponsored by Defendant AOL LLC ("AOL"). (Second Am. Compl. ¶¶ 11, 25.) Plaintiff further alleges that ASPS is not licensed to use the Mark and, without alleging how or in what manner, Plaintiff asserts that ASPS has used the Mark and continues to do so. (*Id.* ¶ 25.) Plaintiff does not, however, plead any facts relating to any such purported use of the Mark by ASPS. In fact, other than reference to ASPS in Paragraphs 11 and 25, there is no mention of ASPS in the Amended Complaint.

---

[1] Plaintiff previously attached the Supplemental Registration as Exhibit A to the Complaint and the Court may also take judicial notice of records from the USPTO. *Duluth News-Tribune v. Mesabi Publ'g Co.*, 84 F.3d 1093, 1096 n.2 (8th Cir.1996) (taking judicial notice of trademark registrations); *Buying for the Home, LLC v. Humble Abode, LLC*, 459 F. Supp. 2d 310, 319 (D.N.J. 2006) (same).

III.   **LEGAL STANDARD**

To survive a motion to dismiss, a plaintiff must provide a short, plain statement of the claim showing that he is entitled to the relief requested. *See, e.g., U.S. v. Baxter Int'l Inc.*, 345 F.3d 866, 880 (11th Cir. 2003). A plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964–65 (2007). Factual allegations in a complaint need not be detailed, but "must be enough to raise a right to relief above the speculative level." *Id.* Far from offering a short, plain statement of Plaintiff's claim, the Second Amended Complaint merely contains boilerplate assertions and legal conclusions regarding elements of a trademark infringement cause of action generally, without any allegations as to how those assertions and conclusions apply, if at all, against ASPS.

IV.   **ARGUMENT**

To state a cause of action for trademark infringement against ASPS, Plaintiff must allege: (i) that he possesses a valid, legally protectible trademark; (ii) that ASPS has used the trademark in commerce; (iii) that ASPS's use of the trademark was in connection with the sale or advertising of goods or services; and (iv) that ASPS used the trademark in a manner likely to confuse consumers. *See, e.g., North Am. Med. Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, 1218 (11th Cir. 2008). Nowhere in the Second Amended Complaint does Plaintiff properly plead any of these elements in accordance with *Twombly*, and each of the following pleading defects warrants dismissal.

A.   **The Mark Is Not a Valid or Legally Protectible Trademark**

"LOCATE PLASTIC SURGEON" is a phrase that is both inherently generic and descriptive. For this and other reasons, the USPTO refused registration of the Mark on the Principal Register [D.E.#74-2] and Plaintiff, thereafter, registered the Mark on the Supplemental

Register.  However, unlike marks on the Principal Register, Plaintiff's Supplemental Registration

is not afforded any presumption of validity.  15 U.S.C. § 1094 (excluding marks registered on the

Supplemental Register from any statutory presumption of validity).  Indeed, registration on the

Supplemental Register "is not prima facie evidence of the validity of the registered mark ..., of

the registrant's ownership of the mark or of the registrant's exclusive right to use the mark in

commerce." *CreAgri v. USANA Health Sciences, Inc.*, 474 F.3d 626, 629 n.6 (9th Cir. 2007).

Courts have gone so far as to hold that registration on the Supplemental Register creates no

substantive rights of any kind and may even constitute an admission against interest that the

mark is not inherently distinctive.  As the court in *Novartis Consumer Health, Inc. v. McNeil-*

*PPC, Inc.* stated:

> Although 15 U.S.C. § 1095 provides that "[r]egistration of a mark on the
> supplemental register shall not constitute an admission that the mark has
> not acquired distinctiveness," there is nothing in the Lanham Act "to
> preclude supplemental registration from being deemed an admission
> against interest that the term is not inherently distinctive ... The "very
> presence [of a mark] on the Supplemental Register indicates a preliminary
> determination that the mark is not distinctive of the applicant's goods."

No. CIV. 99-280, 1999 WL 707721, at *5 (D.N.J. Sept. 13, 1999) (holding that supplemental

registration for "SOFTCHEWS" for soft, chewable children's medicine did not confer a legally

protectible mark because it is a generic term).

Because the Mark has not been registered on the Principal Register and is presumed to be

inherently generic and descriptive, its entitlement to legal protection depends on well-pled

allegations and proof of "secondary meaning." *Mulholland v. Mulholland,* No. 08-cv-1784,

2009 WL 1117411, at *2 (M.D. Fla. Apr. 24, 2009) ("Where a trademark is not distinctive ... a

plaintiff must show that it has acquired a secondary meaning in order for the mark to be

protected.").  Secondary meaning is determined by looking at four factors:  (i) the length and

manner of a mark's use;  (ii) the nature and extent of advertising and promotion of the mark;

(iii) efforts made to promote a connection between the mark and the service in the minds of the public; and (iv) the extent to which the public identifies the mark with the service. *Id.* (citing *Conagra, In. v. Singleton*, 743 F.2d 1508,1513 (11 Cir. 1984)).   Nowhere in the Second Amended Complaint does Plaintiff set forth any factual allegations that might show how "LOCATE PLASTIC SURGEON" has acquired a distinctive secondary meaning in connection with these or any other factors. *See also Deltona Transformer Corp. v. Wal-Mart Stores, Inc.*, 115 F. Supp. 2d 1361, 1366 (M.D. Fla. 2000) (emphasizing that "[a] high degree of proof is necessary to establish secondary meaning for a descriptive term which suggests the basic nature of the product or service").

Nor can Plaintiff make such a showing because, like "SOFTCHEWS," "NET BANK," "HARD-TO-FIND TOOLS" and "REGISTRY OF MEDICAL TECHNICIANS," the phrase "LOCATE PLASTIC SURGEON," when used in connection with a website providing information regarding plastic surgeons, is merely descriptive of the types of service that Plaintiff may be providing and, therefore, not subject to trademark protection as a matter of law. *See Novartis*, 1999 WL 707721, at *4–11; *Interstate Net Bank v. NetB@nk, Inc.*, 221 F. Supp. 2d 513, 525 (D.N.J. 2002) (finding "NET BANK" to be generic description of any institution conducting on-line banking services); *see also Bliss & Laughlin Indus. Inc. v. Brookstone Co.*, 209 U.S.P.Q. 688, 696; 1981 WL 48119 (Trademark Tr. & App. Bd. 1981) (denying registration on Principal Register of "HARD-TO-FIND TOOLS" because mark lacked required distinctive secondary meaning); *Application of American Society of Clinical Pathologists*, 442 F.2d 1404 (CCCP 1971) (denying registration on Principal Register of "REGISTRY OF MEDICAL TECHNOLOGISTS" because mark lacked distinctive secondary meaning).

**B.      Plaintiff Does Not Allege How or in What Manner ASPS Has Used the Mark in Commerce**

Plaintiff asserts that ASPS has used the Mark and continues to do so.  Other than his unsupported and conclusory assertion, nowhere does Plaintiff allege how or in what manner ASPS purportedly used and continues to use the Mark and/or whether such use is in connection with ASPS's website (which nowhere displays the Mark) or otherwise.  It is not even clear from the Second Amended Complaint whether Plaintiff contends that ASPS allegedly uses the Mark in commerce and, if so, whether such use is in connection with the sale or advertising of goods and/or services.[2]  Because ASPS's use of the Mark in commerce is a necessary element of a trademark infringement claim, this pleading defect also requires dismissal.  *Southern Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1250–51 (11th Cir. 2009) (concluding that competitor did not use plaintiff's "DIAMOND BRITE" trademark in commerce because competitor did not use registered domain name "diamondbrite.com" to sell or advertise any goods or services and no commercial use of the mark was otherwise apparent); *see also 1-800 Contacts, Inc. v. Whenu.com, Inc.*, 414 F.3d 400, 410-411 (2d Cir. 2005) (holding that, absent improper use of plaintiff's trademark in commerce, plaintiff cannot establish that defendant's conduct violates the Lanham Act); *Crown Realty & Development, Inc. v. Sandblom*, No. 06-1442, 2007 WL 177842,

---

[2]  Well-pled allegations of use are necessary because a trademark infringement claim requires a "use in commerce" and an infringing use is dependent upon whether such use is in connection with goods or services.  A "use in commerce" in connection with "goods" occurs when goods are sold or transported in commerce and the mark is "placed … on the goods or their containers or the displays associated therewith or on the tags or labels affixed thereto, or if the nature of the goods makes such placement impracticable, then on documents associated with the goods or their sale."  15 U.S.C. § 1127.  A "use in commerce" in connection with "services" occurs when the mark is used "in the sale or advertising of services and the services are rendered in commerce, or the services are rendered in more than one State or in the United States and a foreign country and the person rendering the services is engaged in commerce in connection with the services."  *Id.*

at *1–2 (D. Ariz. Jan. 22, 2007) (granting motion to dismiss because plaintiff failed to plead "commercial use" of trademark).

**C.    Plaintiff Does Not Allege that ASPS's Unspecified Use of the Mark Is Likely to Cause Consumer Confusion**

In addition to failing to allege the manner in which ASPS purportedly uses the Mark, Plaintiff does not properly plead that ASPS's use of the Mark, if any, caused a likelihood of consumer confusion.   Indeed, aside from the insufficient legal conclusion that Defendants' unspecified use of the Mark is "likely to [somehow] cause confusion and mistake in the minds of the purchasing public" (Second Am. Compl. ¶ 28), Plaintiff does not mention any confusion between ASPS's products and/or services and Plaintiff's products and/or services.   Nor can the likelihood of confusion be inferred from Plaintiff's allegations.   First, as addressed above, Plaintiff does not allege how or in what manner ASPS has purportedly used the mark.   Second, other than the vague information found on the Supplemental Registration, Plaintiff makes no mention of what business he is in, how he is using the Mark or what goods or services he sells with the Mark.   Finally, Plaintiff does not even allege whether he and ASPS are competitors, whether they offer the same goods or services, and/or whether they target the same customers.[3]

The most that can be inferred from the Second Amended Complaint is that a search run on the AOL search engine using the words "locate plastic surgeon" yields a link to plasticsurgery.org. (*See* Second Am. Compl. ¶¶ 19, 25.) This, however, is not sufficient to plead a likelihood of confusion because, among other things, there is no allegation (nor can there be

---

[3] The only allegation in the Second Amended Complaint relating to Plaintiff's business appears to be taken from a pleading filed in another case by a different party because Plaintiff refers to his business as the "styling, manufacturing, selling, merchandising, promoting, and displaying of wearing apparel, fashion accessories and related services." (Second Am. Compl. ¶ 15; *see also* p. 10 (seeking to enjoin Defendants from using the Mark in connection "with the publicity, promotion, sale or advertising of goods sold by defendant including … shirts, fashion accessories, and other apparel bearing [the Mark]").)

any such allegation) that, when displayed, the description accompanying the plasticsurgery.org link displays or otherwise makes any reference to the Mark. In *J.G. Wentworth, SSC Limited Partnership v. Settlement Funding LLC*, the plaintiff brought a trademark infringement suit against a competitor, alleging that use of the plaintiff's trademarks as Google search terms yielded links to the competitor's website in close proximity to links to plaintiff's website. No. 06-0597, 2007 WL 30115, *1 (E.D. Pa. Jan. 4, 2007). The district court held that the mere proximity of the two website links was insufficient to establish any likelihood of confusion for purposes of the Lanham Act. *Id.* at * 7. The court explained:

> [In] the present case, a link to defendant's website appears on the search results page as one of many choices for the potential consumer to investigate. As stated above, the links to defendant's website always appear as independent and distinct links on the search result pages regardless of whether they are generated through Google's AdWords program or search of the keyword meta tags of defendant's website. Further, plaintiff does not allege that defendant's advertisements and links incorporate plaintiff's marks in any way discernable to internet users and potential customers.
>
>       *      *      *
>
> *Due to the separate and distinct nature of the links created on any of the search results pages in question, potential consumers have no opportunity to confuse defendant's services, goods, advertisements, links or websites for those of plaintiff ....* Because no reasonable factfinder could find a likelihood of confusion under the set of facts alleged by plaintiff, I will grant defendant's motion to dismiss [with prejudice].

*Id.* at *7-8 (emphasis added).

In *North Am. Med. Corp. v. Axiom Worldwide, Inc.*, the Eleventh Circuit favorably cited the decision in *J.G. Wentworth* and also Ninth Circuit Appellate Court Judge Berzon's explanation that, in the context of internet search engines, merely distracting a potential customer with another choice, without more, would not cause consumer confusion for purposes of a claim under the Lanham Act. 522 F.3d 1211, 1223 (11th Cir. 2008) (holding that competitor's use of trademark within website meta tags to promote and advertise products on the Internet could

cause consumer confusion for purposes of the Lanham Act because, although the meta tags were never viewed by consumers, when a consumer entered the trademarks into a search engine, competitor *caused the trademarks to be displayed to the consumer in the search results' description of competitor's site*) (citing *J.G. Wentworth* and *Playboy Enterprises, Inc. v. Netscape Communications Corp.*, 354 F.3d 1020, 1035-36 (9th Cir. 2004) (Berzon, J. concurring)).

As in *J.G. Wentworth* and consistent with *North American Med. Corp.*, Plaintiff has not alleged and cannot plead that placement of an internet link to plasticsurgery.org—which makes no mention of or reference to the Mark—causes confusion between Plaintiff's goods or services and any goods or services that ASPS offers. Accordingly, Plaintiff's trademark claim must be dismissed for this additional reason.

## V.   CONCLUSION

Plaintiff has now had three opportunities to plead a viable claim and the Second Amended Complaint is his third strike. Plaintiff admits that the Defendants' previously filed motions to dismiss put him on notice of the defects in the Complaint and the First Amended Complaint. Yet, Plaintiff has again failed to correct those defects. As the Fifth Circuit has found, "[p]leadings review is not a game where the plaintiff is permitted to file serial amendments until he finally gets it right. One opportunity to amend, in the face of motions that spelled out the asserted defects in the original pleading, [is] sufficient ..." *Adrian v. Regents of Univ. of California*, 363 F.3d 398, 404 (5th Cir. 2004).[4]   Accordingly, ASPS respectfully

---

[4] The Eleventh Circuit also has repeatedly held that leave to amend may be properly denied where, as in this case, amendment would fail to correct the deficiencies in the complaint. *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1255 (11th Cir. 2008) ("Because justice does not require district courts to waste their time on hopeless cases, leave may be denied if a proposed amendment fails to correct the deficiencies in the original complaint ..."); *see also Trowell v. South Fin. Group, Inc.*, No. 08-11242, 2008 WL 4787142, at *2 (11th Cir. Nov. 4, 2008) (affirming dismissal of amended complaint and holding that
(cont'd)

requests that the Court grant its Motion to Dismiss and enter an order dismissing the Second Amended Complaint with prejudice.

Dated:  February 15, 2010

Respectfully submitted,

AMERICAN SOCIETY OF PLASTIC SURGEONS

By:  /s/ Frederic T. Knape

Frederic T. Knape
VEDDER PRICE P.C.
222 North LaSalle Street
Chicago, Illinois 60601
(312) 609-7500
(312) 609-5005 (facsimile)
fknape@vedderprice.com

Michael J. Colitz, III
    FBN 164348
Woodrow H. Pollack
    FBN 26802
GRAYROBINSON, P.A.
201 N. Franklin St., Suite 2200
Tampa, Florida 33602
(813) 273-5000
(813) 273-5145 (facsimile)
michael.colitz@gray-robinson.com
woodrow.pollack@gray-robinson.com

*Attorneys for Defendant American Society of Plastic Surgeons*

---

(cont'd)
district court did not abuse its discretion in denying leave to file second amended complaint on basis of futility); *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.").

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2010, I electronically filed the foregoing American Society of Plastic Surgeons' Motion to Dismiss Plaintiff's Second Amended Complaint with the Clerk of Court by using the CM/ECF system.   I further certify that I mailed a copy of the foregoing and this Certificate of Service by first-class mail to the non-CM/ECF participants identified on the Service List below.

/s/ Frederic T. Knape

## SERVICE LIST

Jamil E. Ezzo
331 S.E. 46th Lane
Cape Coral, FL 33904

GetMeQuotes.com
FindCosmeticSurgeons.com
c/o Enrique Rangel
7009 Bending Oak Rd.
Austin, TX 78749

YellowBookLeads.com
2560 Renaissance Blvd.
King of Prussia, PA 19406

FindYourPlasticSurgeon.com
BaskettCase Web Development
c/o Melissa Baskett
2419 Kylee
Mount Vernon, WA 98274